**SEIKO TIME
CORPORATION, Plaintiff,**

v.

**Jose PASCUAL, Carmen Pascual, and
their legal conjugal partnership,
Defendants.**

No. 85 Civ. 8030 (WK).

United States District Court,
S.D. New York.

Oct. 27, 1987.

John M. Newell, Whitman & Ransom,
New York City, for plaintiff.

James D. Fornari, Jarblum, Solomon &
Fornari, P.C., New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Each party has submitted a proposed judgment for entry pursuant to our grant of partial summary judgment. 117 F.R.D. 354. Both proposed judgments recite that there is "no just reason for delay", but contain widely disparate provisions as to the nature of the assets against which execution can be had. This dispute has brought about a realization that our order granting partial summary judgment was improvident. Under the principles enunciated in *Cinerama, Inc. v. Sweet Music, S.A.* (2d Cir.1973) 482 F.2d 66, we are precluded from entering a final judgment, but may only enter "an interlocutory summary judgment on the liability issue" upon which "execution cannot be had." *Id.* at 72. Such a judgment would be of no use to the plaintiff. Consequently, no purpose would be served by attempting to resolve the dispute which has arisen between the parties.

The motion for partial summary judgment is accordingly denied, and the whole matter left for resolution by the finder of fact.

SO ORDERED.